# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **NABORS DRILLING USA, L.P.** | **CIVIL ACTION NO. 08-0738** |
| **VS.** | **JUDGE DOHERTY** |
| **GENEX SERVICES, INC.** | **MAGISTRATE JUDGE METHVIN** |

### *MEMORANDUM RULING ON MOTION TO REMAND AND*
### *FOR PAYMENT OF COSTS AND EXPENSES*
*(Rec. Doc. 8)*

Before the court is a motion to remand and for payment of costs and expenses filed by Nabors Drilling. The motion is opposed. The sole issue is whether the amount in controversy is sufficient to support federal diversity jurisdiction pursuant to 28 U.S.C. §1332(a).

### *Background*

Nabors filed this petition for damages in the Louisiana 15th JDC, and defendant, GENEX Services, Inc., removed it to this court on May 27, 2008. Nabors alleges that due to bad cost-containment advice by GENEX, "various providers of medical services have filed claims against Nabors in Louisiana's Office of Workers' Compensation Administration Courts, claiming that Nabors underpaid medical bills for services rendered to various employees of Nabors who sustained work-related illnesses or injuries and received treatment by said providers."[1] In accordance with state law,[2] Nabors did not include a specific monetary amount of damages being sought.

---

[1] Petition for Damages, Rec. Doc. 1-2, ¶ 8.

[2] La.Code Civ.P. art. 893A(1) states, in pertinent part, "No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand. The prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages, or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is required. * * *"

## *Arguments of Parties*

In its motion to remand, Nabors argues that the petition is based on only four claims filed against it for alleged underpayment of medical bills as to four injured workers. Nabors attaches copies of the four claims to its motion to remand.[3] Nabors argues that the damages in these four claims amount to well under $75,000, and therefore do not meet the minimum amount in controversy required to support federal court subject matter jurisdiction. Nabors also argues that it submitted a proposed stipulation to GENEX that the amount in controversy was less than $75,000, in a "good faith attempt to limit its recovery," but that GENEX refused to sign the stipulation.[4]

In opposition, GENEX argues it is clear from the face of the petition that over $75,000 was in controversy at the time of removal. GENEX argues that the petition asserts damages not only for the amounts of alleged underpayment to the providers, but for penalties under, *inter alia,* La. R.S. 23: 1201(F)(4), which provides for a penalty of the greater of 12% of the sum of unpaid medical bills, or $50 per day, plus attorneys' fees, for each disputed claim. GENEX calculates that penalties for only one claim, paid one year late, at $50 per day, would total $18,250.00, plus attorneys fees. GENEX argues that the petition asks for damages for all "claims that may be filed in the future, together with Plaintiff's attorneys fees and costs for defending such claims. . . ."[5] GENEX states that it "processed hundreds, if not thousands, of bills every year" for plaintiff, so

---

[3] Rec. Doc. 8-3.

[4] Reply to Opposition to Plaintiff's Motion to Remand, Rec. Doc. 12, p. 4.

[5] *GENEX's Memorandum in Opposition to Motion to Plaintiff's Motion [sic] to Remand and for Payment of Costs and Expenses* (rec. doc. 14), p. 4, citing plaintiff's "Petition for Damages," ¶14, Attachment 1 to *Notice of Removal* (rec. doc. 1).

that "the claims in this litigation could number in the hundreds." GENEX attaches a report showing a partial listing of claims processed by GENEX for plaintiff, which shows the number of bills processed in excess of 200.[6] Thus, GENEX argues, the amount in controversy easily exceeds $75,000, when attorneys' fees and penalties may be attached to each of those claims.

### *Applicable Law*

*Law of Removal*

The removing party bears the burden of establishing the existence of federal jurisdiction over a state court suit. See, e.g.*, Winters v. Diamond Shamrock Chemical Co.*, 149 F.3d 387, 397 (5th Cir. 1998). Furthermore, it is axiomatic that the lower federal courts are courts of limited jurisdiction and may exercise only the jurisdiction that has been conferred by Congress. E.g.*, Trizec Properties, Inc. v. U. S. Mineral Products Co.*, 974 F.2d 602, 604 (5th Cir. 1992). Accordingly, there is a presumption against subject matter jurisdiction that must be rebutted by the party bringing the action to federal court, and there is no time limit for filing a motion to remand on the basis of lack of subject matter jurisdiction. *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996).

On the other hand, a motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal. A "procedural defect" is defined as any impropriety in the removal that would not deprive the district court of jurisdiction over the subject matter if the action had been filed as an original action in federal court. In other words, if this court would have had jurisdiction over the

---

[6]*GENEX's Memorandum in Opposition to Motion to Plaintiff's Motion [sic] to Remand and for Payment of Costs and Expenses* (rec. doc. 14), p. 4, and Exhibits A-1 and A-2 thereto.

action had it been filed originally in federal court, any other irregularities in the removal constitute only procedural defects that are waived if not raised by a party within 30 days of removal. See, e.g*., Albarado v. Southern Pacific Trans. Co.*, 199 F.3d 762, 765-66 (5th Cir. 1999); 28 U.S.C. § 1447(c).

*Standards Governing Amount in Controversy in Removed Cases*

When a case is removed on the basis of diversity jurisdiction, the removing defendant must establish by a preponderance of the evidence that the amount in controversy exceeded the statutory $75,000 jurisdictional amount at the time of removal. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999). The defendant may make this showing either: (1) by demonstrating that it was "facially apparent" from the allegations of the state court petition that the amount in controversy exceeded the $75,000 jurisdictional threshold; or (2) by setting forth facts in controversy, either in the notice of removal or sometimes by affidavit, that support a finding that the requisite amount was in controversy. *Id*. If the allegations in the state court petition and removal papers concerning the amount in controversy do not contain sufficient specificity and substance to support a finding that the jurisdictional amount requirement was satisfied at the time of removal, the Court may not consider facts developed after removal. 193 F.3d at 851. The removing defendant may rely, however, upon submissions filed after removal, so long as the post-removal filing sets forth jurisdictional facts developed at the time of removal. *Simon*,193 F.3d at 851 n.10; *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

A showing only that the damages "could well exceed" the jurisdictional amount or that there is "some possibility" that the plaintiff "could recover more" than the jurisdictional amount is insufficient to carry the removing defendant's burden. *Allen*, 63 F.3d at 1336; *De Aguilar v.*

*Boeing Co.*, 47 F.3d 1404, 1411-12 (5th Cir. 1995)(*De Aguilar II*). The possibility that the plaintiff may in the future seek or recover more damages is insufficient to support federal jurisdiction a the time of removal. *De Aguilar II*, 47 F.3d at 1411. And a requirement that the removing defendant show merely that the plaintiff could recover more than the jurisdictional amount is too permissive. *Id.* Rather, the defendant must establish, based upon either the allegations of the state court petition or jurisdictional facts developed at the time of removal, that it was *more likely than not* that the jurisdictional amount in controversy was satisfied at removal. *Allen*, 63 F.3d at 1336.

If the defendant fails to demonstrate, either from the face of the state court petition or from facts developed at the time of removal, that it is more likely true than not that the requisite amount was in controversy, a mere conclusory allegation in the notice of removal that the amount in controversy exceeds the jurisdictional minimum is insufficient to sustain federal jurisdiction. *See,e.g., Asociacion Nacional de Pescadores a Pequena Escala O Artesenales de Columbia v. Dow Quimica de Colombia*, 988 F.2d 559, 565-66 (5th Cir. 1993)("*ANPAC*").

### *Analysis*

The amount in controversy is not apparent from the face of the state court petition. The plaintiff claims damages for both present and future claims made against it for underpayment to medical providers, and references the penalty provisions of the Louisiana Workers' Compensation Act, La. R.S. 23:1021, *et seq.* However, the petition does not reference any specific number of present claims made by providers against the plaintiff, nor does the petition give even an approximate number of medical claims processed by the defendant for the plaintiff, for which the plaintiff potentially could be liable. Therefore, it is impossible to tell, from the

face of the petition itself, whether the amount in controversy more likely than not exceeds $75,000.

However, both parties have submitted evidence in support of their position. Plaintiff has submitted copies of four workers' compensations claims filed against it by medical providers, and GENEX has submitted a report summary which shows that it has processed over 200 medical provider claims for plaintiff. The plaintiff's petition clearly claims damages arising not only from currently pending actions against it, but for all future claims against it by medical providers due to underpayment caused by GENEX. As calculated above by GENEX, the penalty due for only one underpaid medical bill, one year late, exceeds $18,000. The referenced statute, La. R.S. 23:23:1201(F), however, provides a cap on penalties of either $2,000 or $8,000 per claim, depending on whether the penalty is based on the $50 per day or the 12% provision.

GENEX has submitted evidence that it has processed well over 200 claims for the plaintiff.[7] While plaintiff disputes the relevance of the number of claims processed, it does not dispute defendant's allegation that it processes hundred, if not thousands, of claims for plaintiff a year. It is not clear how many lawsuits will eventually be filed based on underpayment on these claims. However, whether the damages actually exceed $75,000 is irrelevant to the current inquiry, which is whether the amount in controversy, at the time of removal, more likely than not was in excess of $75,000. The plaintiff itself refused, in its proposed joint stipulation, to

---

[7]See Attachments 1 and 2 to *Defendant's Memorandum in Opposition to Motion to Plaintiff's Motion to Remand and for Payment of Costs and Expenses* (rec. doc. 14).

irrevocably limit its recovery to less than $75,000, reserving for itself the right to amend its petition to seek greater damages if and when more claims were actually filed.[8]

For the reasons given above, the undersigned finds that more likely than not, the amount in controversy at the time of removal was in excess of $75,000, and the motion to remand will be denied.

Signed at Lafayette, Louisiana, on October 26, 2008.

*[signature]*

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)

---

[8] See Attachment 1, Exhibit A, "Joint Stipulation," to *Reply to Opposition to Plaintiff's Motion to Remand* (rec. doc. 12).