# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **NABORS DRILLING USA, L.P.** | **CIVIL ACTION NO. 08-0738** |
| **V.** | **JUDGE DOHERTY** |
| **GENEX SERVICES, INC.** | **MAGISTRATE JUDGE METHVIN** |

*RULING ON PLAINTIFF'S REQUEST FOR RECONSIDERATION*
**(Rec. Doc. 23)**

Before the court is plaintiff's motion to reconsider the undersigned's ruling denying plaintiff's motion to remand, issued on October 26, 2008.[1]  Defendant opposes the motion.

*Background*

In the prior ruling, the undersigned found that the amount in controversy was not apparent from the face of the state court petition, but that based on the evidence submitted by the parties, the amount in controversy at the time of removal was more likely than not in excess of $75,000, and thus there was diversity subject matter jurisdiction pursuant to 28 U.S.C. §1332.

The evidence submitted by plaintiff in support of its motion to remand was a proposed Joint Stipulation which defendant refused to enter into.  As noted earlier, however, the proposed stipulation reflected plaintiff's own refusal to irrevocably limit its recovery to less than $75,000:

> Additionally, as of the filing of this Joint Stipulation, the case currently pending before this court is limited to damages arising out of the following claims pending in Louisiana Workers' Compensation Court: *Southern Spine Institute v. Nabors Drilling, USA, LP* (Michael Borel), docket number 07-09737; *Lafayette Bone & Joint v. Nabors Drilling USA, LP* (Michael Fruge), docket number 07-03636; *W. Calcasieu Cameron Hospital v. Nabors Drilling USA, LP* (Harvey Simoneaux), docket number 07-02662.

---

[1] See *Memorandum Ruling on Motion to Remand and for Payment of Costs and Expenses* (rec. doc. 22).

> However, in the future, as this case progresses, if damages are discovered that are currently unknown to Plaintiff, or if the aggregated monetary damages on all counts of Plaintiff's claims against the Defendant, including attorneys' fees, are anticipated to exceed seventy-four thousand, nine hundred ninety-nine and 99/100 ($74,999.99), it is agreed that the Plaintiff will have the right to amend the Petition for Damages accordingly, and Defendant will have thirty (30) days thereafter in which to remove this case to federal court.[2]

The evidence submitted by the defendant in opposition to the motion to remand was a report summary which reflected that it had processed over 200 medical provider claims for the plaintiff. The plaintiff's petition clearly claimed damages both for current and future claims against it by medical providers for underpayment by GENEX, and the undersigned calculated potential damages in the range of $2,000 to $8,000 per underpaid medical bill, if paid one year late.

### *Argument of Parties*

The basis of plaintiff's motion for reconsideration is that in a similar suit in this court by plaintiff, *Nabors Drilling USA, LP v. CompTech Group, LLC,* Docket Number 08-00858, Judge Tucker Melançon granted the plaintiff's motion to remand. The plaintiff argues that the undersigned should reconsider its prior ruling, and do likewise. Plaintiff further argues the Proposed Joint Stipulation was not submitted as a dispositive document, but to show efforts made by plaintiff to avoid filing the motion to remand, and that "Nabors again vehemently avers that the Proposed Stipulation could have been discussed and amended pursuant to the demands of Genex."[3]

---

[2] Rec. Doc. 12-2.

[3] Rec. Doc. 23, p. 4.

In opposition, defendant argues that reconsideration under Fed. R. Civ. P. Rule 60(b)(6) is not warranted, as there was no injustice in the prior ruling, and there are no extraordinary circumstances that support granting an extraordinary remedy. Defendant further argues the original ruling was correct, as the partial listing of claims submitted as processed by GENEX for Nabors shows that the amount in controversy easily surpassed the $75,000 threshold necessary for a sufficient amount in controversy. Defendant argues that Nabors' proposed stipulation was not submitted to defendant until after removal, and in the stipulation, "Nabors left itself 'room' to allege future claims that could increase the amount in controversy in excess of $75,000; however, Nabors conveniently omits this fact from the Court."[4] Defendant also argues, for various reasons, that Judge Melançon's decision in the *CompTech* suit was incorrect.

## *Discussion*

The original ruling denying the motion to remand was issued on October 26, 2008. Neither party filed objections as permitted by Fed. R. Civ. P. Rule 72. Instead, plaintiff filed this motion for reconsideration almost two months later, following the decision by Judge Melançon in *CompTech*. A different decision by a different Judge in a similar lawsuit is not the type of injustice or extraordinary circumstance contemplated by Fed. R. Civ. P. Rule 60(b)(6). Plaintiff has presented no new argument or evidence in its motion for reconsideration, except for citation to the *CompTech* decision. Therefore, mover does not establish entitlement to relief under Fed. R. Civ. P. Rule 60.

---

[4] Rec. Doc. 25, p. 3.

4

*Conclusion*

For the reasons give above,

**IT IS ORDERED** that the motion to reconsider (rec. doc. 23) is **DENIED**.

Signed at Lafayette, Louisiana, on January 16, 2009.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)